D. Scott Slawson, Esq.
Wyoming Attorney No: 8-6609
Shelby N. Price, Esq.
Wyoming Attorney No: 7-6055
**MCDONOUGH LAW GROUP**
1635 Foxtrail Dr.
Loveland, CO 80538
Tel: (907) 776-3311
Email: scott@mcdonoughlawgroup.com
          shelby@mcdonoughlawgroup.com

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CHEYENNE DIVISION

| | |
|---|---|
| **RJ WYLD LLC**, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**WYLD ADVENTURES LLC**, a Wyoming limited liability company,<br><br>Defendant. | Civil Case No. _____<br><br>**COMPLAINT FOR DAMAGES:**<br>(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C § 1114/ Lanham Act § 43(a)<br>(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)<br>(3) TRADEMARK INFRINGEMENT UNDER WYO. STAT. § 40-1-111<br>(4) COMMON LAW TRADEMARK INFRINGEMENT<br>(5) COMMON LAW UNFAIR COMPETITION |

By and through undersigned counsel, Plaintiff RJ Wyld LLC d/b/a Wyld 'n Pretty (**"Plaintiff" or "Wyld 'n Pretty"**), files this Complaint against Defendant Wyld Adventures LLC (**"Defendant"**) and states as follows:

## I.     INTRODUCTION

1. This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and related state laws. Plaintiff seeks relief to prevent further consumer confusion and protect its valuable trademark rights.

1

## II. PARTIES

2. Plaintiff, Wyld 'n Pretty, is a Wyoming limited liability company and was formed on May 20, 2019, with the Wyoming Secretary of State. Plaintiff's principal place of business is 15 W. Brundage St. Sheridan, WY 82801.

3. Per the online business records of the Wyoming Secretary of State, searched September 10, 2024, Defendant is a Wyoming limited liability company formed on June 23, 2021, and has its principal place of business at 1957 Fairway Court, Sheridan, Wyoming 82801.

4. The physical retail location of the Wyld 'n Pretty business is 15 W. Brundage Street, Sheridan, Wyoming 82801, and the physical retail location of the Defendant's business is 35 N. Main Street, Sheridan, Wyoming 82801. Per the information on the Google Maps website, the distance between the two storefronts is 259 feet and/or two (2) minutes walking distance.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act (the U.S. Trademark Act) of 1946, 15 U.S.C. § 1051, *et seq.*, conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiff's state law claims under 28 U.S.C. § 1367.

6. The District of Wyoming is a proper venue pursuant to 28 U.S.C. § 1391(b) as: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) Defendant is a resident of this District; (c) Defendant conducts business in this District; (d) the unlawful acts of the Defendant complained of herein have been committed within this District and have had or will have had effect in this District; and (e) Plaintiff is a resident of this District, has been and will continue to be damaged by Defendant's unlawful acts.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is the creator and owner of the trademark WYLD 'N PRETTY (hereinafter "WYLD 'N PRETTY Mark").

8. The WYLD 'N PRETTY Mark is the subject of U.S. Registration No. 7174643, attached herewith as Exhibit "A," for use in connection with "Short-sleeved or long-sleeved t-shirts; Sweatshirts; Hooded Sweatshirts; Baseball caps and hats; Beanies" in Class 025 (hereinafter "clothing goods") and "Retail store services featuring a wide variety of consumer goods of others" in Class 035 (hereinafter "retail store services"), which was issued by the United States Patent and Trademark Office on September 26, 2023.

9. Plaintiff, Wyld 'n Pretty, is the owner of the WYLD 'N PRETTY Mark in the State of Wyoming, attached herewith as Exhibit "B," which has been duly registered under application number 2020-000920686 since June 3, 2020, for use in connection with "Clothing – tops, hats, bandanas, other headwear, bottoms, shorts, sweatshirts, tank tops" (hereinafter "clothing goods").

10. Plaintiff, Wyld 'n Pretty, is the owner of the trade name WYLD 'N PRETTY, attached herewith as Exhibit "C," which has been registered with the Wyoming Secretary of State since June 3, 2020.

11. The WYLD 'N PRETTY Mark has been used continuously in commerce in connection with clothing goods and retail store services since at least as early as September 2019.

12. Wyld 'n Pretty has invested substantial resources in advertising and promoting its goods/services under this mark, resulting in strong recognition and goodwill in the marketplace.

13. On or about July 2022, Defendant opened its business in Sheridan, Wyoming using the WYLD ADVENTURES mark in connection with clothing goods and retail store services.

14. On or about June 2024, Defendant moved to a new storefront location in Sheridan, Wyoming, which was previously occupied by Wyld 'n Pretty, and began using the WYLD mark in addition to the WYLD ADVENTURES mark in connection with clothing goods and retail store services.

15. Plaintiff's first use of the WYLD 'N PRETTY Mark in commerce in connection with clothing goods and retail store services precedes Defendant's first actual use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods and retail store services.

16. Plaintiff's WYLD 'N PRETTY Mark and Defendant's WYLD and WYLD ADVENTURES marks are similar in sound, appearance, meaning, and commercial impression.

17. Wyld 'n Pretty's goods/services and Defendant's goods/services are identical and/or substantially similar.

18. Wyld 'n Pretty's goods/services and Defendant's goods/services are marketed and offered in similar channels of trade and/or to similar customers.

19. Wyld 'n Pretty has not consented to Defendant's use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods and retail store services.

20. Defendant's WYLD and WYLD ADVENTURES marks are confusingly similar to Plaintiff's WYLD 'N PRETTY Mark.

21. Since Defendant began using the WYLD and WYLD ADVENTURES marks, Rockie Sadler, the owner of Wyld 'n Pretty, has received numerous reports from tourists, out-of-state visitors, online customers, social media users and local community members, including customers and business owners, who have expressed confusion regarding the source or affiliation of Defendant's goods/services, mistakenly believing that the Defendant's business is associated with or endorsed by Wyld 'n Pretty, due to the similarity between Plaintiff's WYLD 'N PRETTY Mark and Defendant's WYLD and WYLD ADVENTURES marks.

22. Upon information and belief, Defendant has previously submitted an application to the United States Patent and Trademark Office (USPTO) for the mark WYLD CHILD, U.S. Serial No. 97510532, which was filed on July 19, 2022. This application was subsequently abandoned on August 7, 2023, due to likelihood of confusion with a registered trademark for WILD CHILD, U.S. Registration No. 5462901, as cited by the USPTO examiner.

23. Given the previous application for a WYLD-formative mark, Defendant has actual notice that the altered spelling from WYLD to WILD does not eliminate the likelihood of confusion since similarity in sound alone is sufficient to support a find of likelihood of confusion, as cited by the USPTO examiner.

24. Defendant, without authorization or consent from Plaintiff, has been using the marks WYLD and WYLD ADVENTURES in connection with clothing goods and retail store services in a manner that has caused and is likely to cause further confusion or mistake among consumers as to the source or origin of Defendant's products.

25. Upon information and belief, Defendant does not have any pending federal trademark applications or federal trademark registrations for the infringing marks WYLD and WYLD ADVENTURES or any similar mark.

26. Upon information and belief, Defendant failed to conduct a proper federal trademark search or exercise reasonable due diligence before adopting and using the WYLD and WYLD ADVENTURES mark in connection with clothing goods and retail store services. A simple search of the United States Patent and Trademark Office (USPTO) website would have revealed Plaintiff's registration for WYLD 'N PRETTY mark, which is confusingly similar to the mark used by Defendant.

27. Upon information and belief, Defendant failed to conduct a proper state trademark/trade name search or exercise reasonable due diligence before adopting and using the WYLD and WYLD ADVENTURES mark in connection with clothing goods and retail store services. A simple search of the Wyoming Secretary of State website would have revealed Plaintiff's registrations for the WYLD 'N PRETTY Mark and WYLD 'N PRETTY trade name, which are confusingly similar to the mark used by Defendant.

28. Defendant's failure to conduct such a search, or willful disregard for the results of any search performed, demonstrates a reckless indifference to Plaintiff's established trademark rights and has contributed to the likelihood of confusion among consumers.

29. Defendant's actions constitute innocent and/or willful trademark infringement in violation of 15 U.S.C. § 1114(I) and Wyo. Stat. § 40-1-111; and unfair competition in violation of 15 U.S.C. § 1125(a); and the common law.

///

///

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114)

30. Wyld 'n Pretty repeats and incorporates by reference the allegations in the preceding paragraphs.

31. Defendant's unauthorized use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods and retail store services constitutes trademark infringement under 15 U.S.C. § 1114, as such use is likely to cause confusion, deception, and mistake among consumers by creating the false and misleading impression that Defendant's goods and services are associated or connected with Wyld 'n Pretty, or have the sponsorship, endorsement, or approval of Wyld 'n Pretty.

32. Defendant's unauthorized use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods and retail store services, which are identical or substantially similar to Wyld 'n Pretty's goods/services, constitutes trademark infringement under 15 U.S.C. § 1114, as such use has caused actual confusion in the marketplace.

33. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the WYLD 'N PRETTY Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34. Defendant's conduct is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition under 15 U.S.C. § 1125(a))

36. Wyld 'n Pretty repeats and incorporates by reference the allegations in the preceding paragraphs.

37. Defendant's unauthorized use in commerce of the WYLD and WYLD ADVENTURES marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's clothing goods and retail store services, and is likely to cause consumers to believe, contrary to fact, that Defendant's clothing goods and retail store services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff, when in fact they are not.

38. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

39. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

40. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

///

///

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement under Wyo. Stat. § 40-1-111)

42. Wyld 'n Pretty repeats and incorporates by reference the allegations in the preceding paragraphs.

43. Defendant's unauthorized use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods constitutes trademark infringement under Wyo. Stat. § 40-1-111, as such use is likely to cause confusion, deception, and mistake among the consuming public in the State of Wyoming by creating the false and misleading impression that Defendant's goods are associated or connected with Wyld 'n Pretty, or have the sponsorship, endorsement, or approval of Wyld 'n Pretty.

44. Defendant's unauthorized use of the WYLD and WYLD ADVENTURES marks in connection with clothing goods constitutes trademark infringement under Wyo. Stat. § 40-1-111, as such use has caused actual confusion in the marketplace among the consuming public in the State of Wyoming.

45. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the WYLD 'N PRETTY Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

46. Defendant's conduct is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

47. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, three (3) times such profits and damages, and reasonable attorneys' fees under Wyo. Stat. § 40-1-112. Additionally, Plaintiff is entitled to an order from the Court requiring the destruction of all infringing materials in Defendant's possession.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

48. Wyld 'n Pretty repeats and incorporates by reference the allegations in the preceding paragraphs.

49. By its acts alleged herein, Defendant has engaged in trademark infringement under the common law of the State of Wyoming.

50. The general consuming public of Wyoming recognizes the WYLD 'N PRETTY Mark as designating Wyld 'n Pretty as the source of goods and services. Wyld n' Pretty has common law trademark rights in the WYLD 'N PRETTY Mark under Wyoming law.

51. Defendant's use of the confusingly similar marks WYLD and WYLD ADVENTURES has deceived the public into believing that Defendant's clothing goods and retail store services are connected with Wyld 'n Pretty.

52. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the WYLD 'N PRETTY Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

53. Defendant's conduct is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

54. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Unfair Competition)

55. Wyld 'n Pretty repeats and incorporates by reference the allegations in the preceding paragraphs.

56. Defendant's actions described herein constitute unfair competition under the common law of the State of Wyoming, because Defendant's use of the WYLD and WYLD ADVENTURES marks falsely suggests that its goods/services originate from or are associated with Wyld 'n Pretty or are endorsed by Wyld 'n Pretty, when in fact they are not.

57. Defendant's actions were undertaken with the purpose of misleading or deceiving the public into buying Defendant's goods and services under the impression that it was purchasing Wyld 'n Pretty's goods and services or that Defendant's goods and services were sponsored or endorsed by Wyld 'n Pretty.

58. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Wyld 'n Pretty prays that this Court enter judgment in their favor and against Defendant as follows:

A. For a preliminary and permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote Defendant's clothing goods and retail store services bearing the WYLD and WYLD ADVENTURES marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's WYLD 'N PRETTY Mark;

b. engaging in any activity that infringes Plaintiff's rights in its WYLD 'N PRETTY Mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's clothing goods and retail store services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's clothing goods and retail store services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the WYLD and WYLD ADVENTURES marks or any other mark that infringes or is likely to be confused with Plaintiff's WYLD 'N PRETTY Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

B. For an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest;

C. For damages in an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

D. For disgorgement of Defendant's profits under 15 U.S.C. § 1117(a);

E. For an award of actual damages, Defendant's profits, three (3) times such profits and damages, and reasonable attorneys' fees under Wyo. Stat. § 40-1-112;

F. For an order from the Court requiring the destruction of all infringing materials in Defendant's possession under Wyo. Stat. § 40-1-112;

G. For damages to be proven at trial for common law trademark infringement;

H. For damages to be proven at trial for common law unfair competition; and

I. For such other and further relief as the Court may deem just and proper.

DATED: September 19, 2024

**MCDONOUGH LAW GROUP**

*/s/ Scott Slawson*
Scott Slawson, Esq. WSB No. 8-6609
Shelby N. Price, Esq. WSB No. 7-6055
1635 Foxtrail Dr. Floor
Loveland, CO 80538
Telephone: (907) 776-3311
Email: scott@mcdonoughlawgroup.com
         shelby@mcdonoughlawgroup.com

Attorneys for Plaintiff